UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER KING, J.D., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HON. STANLEY J. RUMBAUGH,<br><br>Defendant. | Case No. C17-00031-RSM<br><br>ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs Christopher King, J.D., Wally Brown, and Chris Nubbe's Motion for Leave to file a First Amended Complaint (Dkt. #20), Plaintiffs' Motion for Remand (Dkt. #6), and Defendant Pierce County Superior Court Judge Stanley J. Rumbaugh's Motion to Dismiss (Dkt. #3). For the reasons stated below, the Court DENIES Plaintiffs' Motions, GRANTS Defendant's Motion, and dismisses this case with prejudice.

## II.    BACKGROUND

**A. Factual Background[1]**

Plaintiff King is a "former daily news reporter and escrow attorney who has closed several dozen residential real estate purchase and refinances." Dkt. # 1-2 at 2. Plaintiff Brown

---

[1] The following background facts are taken from Plaintiffs' Complaint, Dkt. #1-2, and accepted as true for purposes of ruling on Defendant's Rule 12(b)(6) Motion to Dismiss.

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 1

is a journalist and videographer. *Id*. Plaintiff Nubbe is a "Judicial Oversight Investigator." *Id*. Plaintiffs King and Brown "routinely run Courtroom and other video pertaining to the fallout from America's 2008 financial/mortgage crisis." *Id*. at 3. On July 19, 2016, Plaintiff Brown wrote to Judicial Assistant Merri Reagan for Pierce County Superior Court Judge Stanley J. Rumbaugh stating "Hi Merri, I am Wally Brown and I have been contracted by Brenda Duzan to be added to her defense team in the court proceeding for Friday July 22…. Case No. 14-2-12022-8. Unless I hear back from you to the contrary, I will be driving up there to Tacoma to record the hearing." Dkt. #1-2 at 20-21. Ms. Reagan wrote back the following day stating that the official Court Reporter would make a stenographical record, and that video recordings of the proceedings was prohibited. *Id.* at 20. On or about July 20, 2016, Plaintiff Brown contacted Plaintiff King regarding a "denial of camera coverage of a Friday, 22 July 2016 hearing pending in case number 14-2-12022-8…" *Id*. Plaintiff King emailed Ms. Reagan on July 20, 2016, stating that he and Brown requested "camera access to a foreclosure hearing." *Id*. at 3-4. Plaintiff King stated that denial of camera access was unconstitutional and that he would sue if he was denied such access. *Id*. Plaintiff King did not state he was a member of the news media. Plaintiff King sent the superior court a copy of "Rule GR 16 – Courtroom Photography and Recording by the News Media," which states in part that video recording by "the news media" is allowed provided that "permission shall have first been expressly granted by the judge," and setting forth procedures for the judge to follow in denying camera access. *Id*. at 4-5.

Neither Defendant Rumbaugh nor his staff contacted Plaintiff King in response to his communications prior to the July 22, 2016, hearing. It appears from the record that one or more of the Plaintiffs went to the hearing and attempted to hand deliver a copy of a "Notice of

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR
REMAND, AND GRANTING MOTION TO DISMISS - 2

Media Appearance" to Judge Rumbaugh.  The courtroom staff refused to deliver this Notice and Judge Rumbaugh told Plaintiffs to "get out of here… get out of here now." *Id.* at 7.  King later hand filed a "Notice of Media Coverage" on August 2, 2016, seeking prospective relief "and for precedential value in other cases before this Honorable Court." *Id.*

### B. Procedural Background

On December 8, 2016, Plaintiffs filed a Complaint in King County Superior Court alleging Defendant Judge Rumbaugh violated the First Amendment to the U.S. Constitution, Washington State Constitution Article I §5, and Washington Court Rule GR 16 based on the above fact pattern.  Dkt. # 1-2 at 9.  Plaintiffs seek injunctive relief, compensatory damages in excess of $25,000, and punitive damages. *Id.*

On January 9, 2017, Defendant removed to this Court based on federal question jurisdiction.  Dkt. # 1; 28 U.S.C. §1441(a).  On January 17, 2017, Defendant filed the instant Motion to Dismiss.  Dkt. #3.  Later that day, Plaintiffs filed the instant Motion to Remand and a separate "Plaintiffs' Rule 41 Voluntary Dismissal of his (sic) Sole Federal Claim of First Amendment Violation."  Dkts. #6 and #7.  On March 6, 2017, Plaintiffs filed the instant Motion for Leave to File First Amended Complaint.  Dkt. #20.

### III. DISCUSSION

#### A. Legal Standard

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2).  Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR
REMAND, AND GRANTING MOTION TO DISMISS - 3

plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id.* at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 4

### B. Plaintiffs' Motion for Leave to Amend Complaint

The Court will begin by addressing Plaintiffs' Motion for Leave to Amend, as the Court must look to the pleadings—amended or not—before determining the remaining motions in this matter. Plaintiffs' two-page Motion for Leave to Amend reiterates their GR 16 claim and cites to a Seattle Times newspaper article about Pierce County prosecutor Mark Lindquist. Dkt. #20 at 1-2. Plaintiffs' Motion then states "as leave shall be liberally-granted… and as none of this is Plaintiff's (sic) fault, the Motion must be summarily GRANTED…" *Id*. at 2. Plaintiffs' Motion contains no further analysis.

In Response, Defendant argues that this Motion is "made in bad faith, is futile, and prejudicial." Dkt. #21 at 2. Defendant presents evidence as to bad faith, and significant legal authority. *See* Dkt. # 21.[2] Defendant argues that amendment should be denied because it would be futile because "[b]oth the original and new allegations fail to overcome the dispositive obstacles of judicial immunity, Plaintiffs' lack of standing, the absence of any claim under federal or state constitutions and state tort law, the missing elements required for declaratory and injunctive relief, and their continued refusal to obtain *in personam* jurisdiction for federal and state claims or subject matter jurisdiction for any alleged state claim." *Id.* at 4-5 (citing *Steckman v. Hart Brewing, Inc.*, 143 F. 3d 1293, 1298 (9th Cir. 1998)).

Plaintiffs failed to file a reply brief prior to the noting date for this Motion.[3]

---

[2] For example, Defendant argues that Plaintiff King "purposefully interrupt[ed and insert[ed] himself into an unrelated February 2017 hearing in Judge Rumbaugh's courtroom in order to manufacture a new incident that Plaintiffs intended to use as an excuse to amend the Complaint." Dkt. #21 at 3. Defendant also cites to Plaintiffs' "continued improper inclusion in their pleadings of gratuitous *ad hominum* attacks on Judge Rumbaugh. *Id.* at 4 (citing Dkt. #20-1 p. 9 n. 7 ("we all know Defendant Rumbaugh only ran off to Federal Court to hide from Courtroom cameras in the first place instead of facing all claims in State Court like a Real Man or an Honest Judge.")).

[3] The Court notes the following filings from Plaintiffs: on March 17, 2017, Plaintiffs filed a "Notice of Filing Transcript from State Court;" on April 3, 2017, Plaintiffs filed a "Request for Judicial Notice and Notice of Fraudulent Defense." Dkts. #22 and #23. Neither of these respond to Defendant's Response brief, and the latter was filed well after the deadline for a reply brief and will not be considered by the Court. *See* LCR 7(d)(3). The Court will not consider argument from Plaintiffs outside of the briefing structure contemplated by Local Rule 7.

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 5

The Court begins by noting that Plaintiffs have not presented argument to support their Motion, relying on the Court to review the proposed amendment for itself. As previously stated, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, supra.* Defendant opposes this amendment on several valid grounds, but the Court is most convinced by the arguments as to futility. The Court agrees that the proposed amendment fails to overcome the dispositive obstacle of judicial immunity and the absence of any claim under federal or state constitutions and state tort law. These defects in the original complaint are discussed below. Plaintiffs' refusal to address the issue of futility in a proper reply brief leaves the Court with no reason to disagree with Defendant's well-reasoned arguments. The Court is also convinced, based on the evidence presented by Defendant, that Plaintiffs' Motion for Leave to Amend has been made in bad faith, and that this could serve as an independent basis for denial of this Motion.

**C. Plaintiffs' Motion to Remand**

The Court will next address Plaintiffs' pending Motion to Remand. Plaintiffs' argue that this case is really about Defendant's "failure to follow Washington GR 16." Dkt. #6 at 1. Plaintiffs state that "[t]o allow this case to proceed in Federal Court retaining Jurisdiction is to provide negative reinforcement to a Courtroom bully who fancies bellowing and respectful, peaceful citizen journalists." *Id.* Plaintiffs argue that removal in this case "was nothing more than a dilatory tactic… so that Plaintiffs could not run video of these proceedings in King County Superior Court." *Id.* at 2. Plaintiffs cite to *King v. Wright Finlay & Zak*, 2016 U.S. Dist. LEXIS 53130 (W.D. Wash. Apr. 20, 2016) as a case involving Plaintiff King with a similar fact pattern where remand was granted. *Id.* Plaintiffs argue that their Complaint has a footnote stipulating to voluntarily dismiss their First Amendment claim in the event of efforts to

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 6

remove this case to federal court. *Id.* Plaintiffs do so voluntarily dismiss their First Amendment claim. *Id.*; *see* Dkt. #7.

In Response, Defendant opposes remand "because judicial economy, convenience, fairness and comity support the exercise of federal supplemental jurisdiction to dismiss all of Plaintiffs' claims." Dkt. #11 at 2. Defendant argues that this case was properly removed because removability ordinarily is determined at the time the notice of removal is filed, and because the face of the instant complaint unambiguously asserts federal questions. *Id.* (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998); Dkt. # 1-2 at 9). Defendant cite *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003) and other authority for the proposition that "[s]ection 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded. Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441." *Id.* at 2-3. Defendant argues that when removal is based on federal question jurisdiction as in this case, and all federal claims are eliminated from the lawsuit, "[i]t is generally within a district court's discretion either to retain jurisdiction and adjudicate the pendent state claims or to remand them to state court." *Id*. at 4 (citing *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991)). Defendant argues that the District Court's exercise of its discretion to retain supplemental jurisdiction "depend[s] upon what 'will best accommodate the values of economy, convenience, fairness, and comity...'". *Id.* at 4-5 (citing *Harrell, supra*.) Defendant thus argues that the only issue for the Court to decide is whether it should exercise its continuing jurisdiction over the remaining state claims to decide Defendant's Motion to Dismiss, filed prior to the Motion for Remand. *Id*. at 3. Defendant argues:

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 7

> Setting aside their inappropriate *ad hominum* attacks and threats to harass Judge Rumbaugh by way of this litigation, Plaintiffs offer as their only reason for seeking remand that it supposedly would "allow them to continue to run … videos in State Court …." Dkt. # 6 at 3. Though Plaintiffs certainly can record proceedings in state court "provided" they first comply with the requirements of state court rule GR 16, Dkt. # 3 pp. 13-14, their eagerness to delay resolution of this case in order to make money from videotaping any state proceedings and seek revenge is not a ground for a remand order. Further, the closest they come to making a supporting legal argument is to summarily claim without analysis or explanation that their suit against Judge Rumbaugh somehow is "factually indistinguishable from the 2016 case of KingCast v. Wright, Finlay & Zack that contemplated the exact same theme." Dkt. # 9 at 4. The single case upon which they exclusively rely, which involved their suing attorneys for allegedly making defamatory statements, is neither "indistinguishable" nor "contemplate[s] the exact same theme" as this suit against Judge Rumbaugh.

Dkt. #11 at 4 (footnotes omitted). Defendant goes through the factors of judicial economy, convenience, fairness, and comity and compare this case with *King v. Wright Finlay & Zak, supra*. *See id.* at 5-9.

On Reply, Plaintiffs argue that *King v. Wright Finlay & Zak* "is directly on point." Dkt. #15 at 4. Plaintiffs argue that "there is no Federal Counterpart to GR 16 anyway so there's not much point to the Court trying to evaluate precisely what this uniquely-crafted State Statute is meant to address." *Id*. Plaintiffs do not deny that supplemental jurisdiction remains in this case after Plaintiffs' voluntary dismissal of their federal claim. Plaintiffs do not address the issues of judicial economy, convenience, fairness, or comity, relying solely on their citation to *King*.

The Court begins by noting that it clearly retains supplemental jurisdiction over Plaintiffs' state claims under federal law. *Albingia, supra*. This Court regularly interprets Washington State law in cases where it otherwise has subject matter jurisdiction and disagrees with Plaintiffs that this case contains state law issues somehow beyond the Court's analysis.

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 8

Both parties cite to *King v. Wright Finlay & Zak* as a case directly on point to the instant matter. In that case, Judge Robart found that "Mr. King's complaint presents a federal question," that "[t]he court therefore had jurisdiction over Mr. King's now-dismissed federal conspiracy claim," and that "the court has supplemental jurisdiction over Mr. King's state-law claims." *King,* 2016 U.S. Dist. LEXIS 53130 at *10-11. The Court sees no reason to come to a different conclusion here. Judge Robart then evaluated the issues of judicial economy, convenience, fairness, and comity. *Id*. at *12-17. Judge Robart found that remand was warranted. However, Judge Robart's case and this case are factually distinct in several important respects.

In addressing judicial economy, Judge Robart found the case was "still in its early stages," and that "Mr. King moved for remand shortly after Defendants removed; thus remand will not surprise the parties." *Id.* at *14. However, in this matter there have been several motions filed by Plaintiffs, including the aforementioned Motion for Leave to Amend, which indicate Plaintiffs' willingness to use this Court to achieve their requested relief. These motions have required the Court to expend resources that would be required again in state court. In this case, Plaintiffs also filed their Motion for Remand after Defendant's Motion to Dismiss. For these reasons and the unrebutted reasons cited in Defendant's Response brief, the Court finds that judicial economy weighs against remand.

In addressing convenience, Judge Robart found that "[n]othing in the record reveals any obstacles to remanding Mr. King's state-law claims to state court." *Id.* Here, Defendant argues that all briefing has already been submitted on the pending Motion to Dismiss, and that remand would therefore be less convenient than the Court simply resolving the fully-briefed matter before it. Dkt. #11 at 6. This argument is unrebutted by Plaintiffs. The Court agrees with Defendant and finds that convenience weighs strongly against remand.

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 9

Turning to fairness, Judge Robart found that Courts must look to whether "a surer-footed reading" of state law would be available in state court and "whether the plaintiff has engaged in any manipulative tactics in seeking remand." *King,* 2016 U.S. Dist. LEXIS 53130 at *15 (citing cases).  Judge Robart found that state court could handle the state law issues in that case and that Mr. King did not engage in manipulative tactics.  In this case, the Court finds that the substantive arguments presented by Defendant in their Motion to Dismiss can just as easily be handled by this Court, *i.e.* the state court will not have a *better* ability to handle these issues.  Further, the Court finds some indicia in the record that Plaintiffs may be engaging in delay tactics by filing motions in this court while the Motion to Remand is pending and, that Plaintiffs are, as Defendant states, trying to "create as many opportunities as they can to obtain video recordings of state court proceedings."  Dkt. #11 at 7.  The Court finds that fairness weighs against remand.

Finally, turning to comity, the Court notes that the remaining state court claims "should be decided by a state court unless there is a good reason for this court to decide them," as stated by Judge Robart in *King*.  2016 U.S. Dist. LEXIS 53130 at *17.  Defendant argues that Washington State's doctrine of judicial immunity, one of the grounds for dismissal, parallels that of federal courts, and that this Court will be doing "much to honor Washington's respect for the absolute immunity of its judges under state law."  Dkt. #11 at 9.  The Court does not necessarily agree that it is performing a service for Washington State by issuing these rulings, and finds that comity weighs in favor of remand given the state law claims at issue.

Weighing all of the above factors, the Court is convinced that Plaintiffs request for remand should be denied.  Although comity might weigh in favor of remand, judicial economy

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 10

is conserved by the Court issuing this single Order now, it is fairer to Defendant, and it is certainly more convenient for the parties to have swift resolution of the issues in this case.

### D. Defendant's Motion to Dismiss

#### 1. Judicial Immunity

Defendant, unquestionably a judicial officer, argues that he enjoys absolute immunity from suit "on claims arising out of the performance of judicial or quasi-judicial functions." Dkt. #3 at 7 (citing, *inter alia*, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mireles v. WACO*, 502 U.S. 9, 10 (1991)). Defendant argues that this immunity is applicable regardless of whether the suit is styled as being against Defendant in his official or individual capacity. *Id.* (citing *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th Cir. 1995)). Defendant argues that permitting or not permitting Plaintiffs from making a video recording of a court hearing and interpreting GR 16 are quintessential judicial functions and that Plaintiffs' claims should be dismissed on this ground alone. *Id.* at 8 (citing *Ulrich v. Butler*, 09-1133, 2009 WL 1231480, at *1 (C.D. Ill. May 4, 2009)).

Plaintiffs' Response fails to adequately address the above legal arguments.[4] Plaintiffs make several *ad hominem* attacks against Defendant and state, without legal authority, that "Judge Rumbaugh does not enjoy absolute immunity in this context…" Dkt. 9 at 2. Plaintiffs provide a bare citation to *Pulliam v. Allen* 466 U.S. 522 (1984) as providing the injunctive relief sought by Plaintiffs.

On Reply, Defendant points out that *Pulliam* applies only in the context of a §1983 claim, not present in this case where the only federal cause of action has been withdrawn, and that in any case, "even as to injunctive relief under §1983, Congress amended the statute to

---

[4] The Court notes that it has previously interpreted Plaintiffs' Motion for Enlargement of Time as Plaintiffs' Response to Defendant's Motion to Dismiss. *See* Dkt. #10.

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 11

statutorily overrule *Pulliam's* holding regarding the availability of injunctive relief against a state judge in his official capacity." Dkt. #14 at 4-5 (citing, *inter alia*, *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F.Supp.2d 204, 210 (D. Mass. 2000), *aff'd sub nom.*, 248 F.3d 1127 (1st Cir. 2000)).

Plaintiffs have failed to convince the Court to deviate from the clearly applicable doctrine of absolute immunity for judicial functions. Accepting all facts alleged in the Complaint as true, and making all inferences in the light most favorable to Plaintiffs, the Court agrees with Defendant that his actions were in the performance of a quintessential judicial function and that he therefore is immune from suit in this case. On this ground alone Plaintiffs' claims are rightly dismissed.

### 2. Plaintiffs' Causes of Action

Although the Court could easily stop its analysis at this point, it will briefly address Plaintiffs' causes of action in greater detail. Plaintiffs have voluntarily dismissed their U.S. Constitution First Amendment Claim. Dkt. #7. Plaintiffs second claim is brought under Article I §5 of the Washington State Constitution. Dkt. #1-2 at 9. Defendant argues that Washington law does not recognize a private cause of action under its State Constitution. Dkt. #3 at 12 (citing *Brock v. Wash, State Dep't of Corr.*, 2009 WL 342 9096, *9 (W.D. Wash., 2009) ("Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations without the aid of augmentative legislation[.]") (internal quotation marks omitted); *Reid v. Pierce County*, 136 Wn.2d 195 (1998); *Spurrell v. Bloch*, 40 Wn.App 854 (1985)). Plaintiffs' third claim is for "violation of Washington Court Rule GR 16." Dkt. #1-2 at 9. Plaintiffs' claim is summarized in one sentence, "[c]learly in this instance the actions of Defendant violates the Letter and Spirit of the Rule." *Id*. Defendant

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 12

argues that this claim must also be dismissed for two reasons: because such a court rule creates no actionable tort duty to non-litigants, and because Judge Rumbaugh did not actually violate GR 16 based on the facts as alleged.  Although Defendant makes several arguments as to these two points, the Court will focus on the argument that:

> GR 16(a) expressly applies only to recording of proceedings "by the news media … provided," among other things, "that permission shall have first been expressly granted by the judge …." Here, Brown was not represented to be "news media" but as being "retained" by the *pro se* litigant Duzan as part of the "defense team" to "record the hearing on my behalf as part of my defense." Dkt. #1-2 at 20-21. King's emails prior to the hearing made no claim he wanted to make a recording as "news media" but only that he had "run courtoom video throughout the County" as a business and was "request[ing] access as well" because "you have denied by colleague Wally Brown camera access …." Dkt. 1-2 at 2-4, 11-18. The complaint states Nubbe is "a Judicial Oversight Investigator" – not a member of the news media. *See id.* at 2. Hence, when Judge Rumbaugh directed Brown to "remove the camera from the courtroom right now," no one had even informally requested permission to make a recording "by the news media…"

Dkt. #3 at 14.

Plaintiffs do nothing to rebut the above arguments in their Response, except perhaps to argue that "Plaintiff Wally Brown clearly filed his GR 16 Rule prior to the time that Defendant so rudely threw him out," and to argue that Plaintiff Brown submitted a "Notice of Media Appearance" before the hearing. Dkt. # 9 at 1.

Even if the Court had not found this case to be properly dismissed on judicial immunity, the Court would find that Plaintiffs remaining claims cannot proceed as drafted.  Plaintiffs fail to cite to any legal authority for bringing their claim under Article I § 5 Washington State Constitution claim, and fail to respond to Defendant's argument that no private cause of action exists here.  It is also not clear to the Court how a judge's violation of GR 16 creates a cause of

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 13

action for Plaintiffs who were not parties in the matter before the judge, Plaintiffs cite to no case law establishing such an action, and this Court would be disinclined to create such a cause of action on these facts given the purposes of GR 16.

Even if Plaintiffs could bring the GR 16 claim, Plaintiffs fail to "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The record clearly indicates that Plaintiff Brown contacted the Court not as a member of "the news media" but as a hired member of Defendant's Brenda Duzan's "defense team." *See* Dkt. #1-2 at 20-21. By its very language, GR 16 only permits video recording by the news media. The subsequent requests by Plaintiff King to film in the courtroom did not give Defendant any reason to believe that he was a member of the news media as opposed to a colleague of Plaintiff Brown.

### 3.  In Personam Jurisdiction, Failure to File Administrative Claim, Standing

Defendant makes several other potentially dispositive arguments. Defendant argues that he was not properly served in this matter, that Plaintiffs have failed to file the required administrative claim before proceeding to court, and that Plaintiffs lack standing. Plaintiffs fail to respond to these arguments. Having dismissed this case on the reasons stated above, the Court need not address these arguments.

### E.  Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber, supra.* The Court finds that Plaintiffs cannot allege different facts, consistent with the challenged pleading, which could survive dismissal and that therefore dismissal with prejudice is warranted.

ORDER DENYING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR REMAND, AND GRANTING MOTION TO DISMISS - 14

## IV.  CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiffs' Motion for Leave to file a First Amended Complaint (Dkt. #20) is DENIED.
2) Plaintiffs' Motion for Remand (Dkt. #6) is DENIED.
3) Defendant's Motion to Dismiss (Dkt. #3) is GRANTED.  Plaintiffs' claims are DISMISSED with prejudice.
4) This case is CLOSED.

DATED this 6th day of April 2017.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE