UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER KING, J.D., et al.,

Plaintiffs,

v.

HON. STANLEY J. RUMBAUGH,

Defendant.

Case No. C17-00031-RSM

ORDER DENYING MOTION FOR SANCTIONS

This matter comes before the Court on Plaintiffs Christopher King, J.D., Wally Brown, and Chris Nubbe's Motion for Rule 11 Sanctions. Dkt. #27. The Court has determined that it can rule on this Motion without further briefing.

On January 17, 2017, Defendant filed a Rule 12(b)(6) Motion. Dkt. #3. Plaintiffs filed a response brief on January 31, 2017. Dkt. #9. The Court granted Defendant's Motion, dismissed Plaintiff's claims, and closed this case on April 3, 2017. Dkt. #24. Plaintiffs have subsequently moved for relief under Rule 59(e), and this Motion is pending before the Court. Dkt. #26.

Federal Rule of Civil Procedure 11(b) provides in full:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of

ORDER DENYING MOTION FOR SANCTIONS - 1

> the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A district court is vested with discretion whether or not to enter Rule 11 sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Plaintiffs' Motion argues that certain factual contentions contained in Defendant's previous filings were presented for an improper purpose and/or do not have evidentiary support as required by Rule 11(b)(1) and 11(b)(3). *See* Dkt. #27 at 4.

The Court finds that Plaintiffs' Rule 11 Motion essentially reargues the merits. The Court has already reviewed the underlying facts in dismissing this case and agreed with Defendant's arguments. *See* Dkt. #24. Defendant's representations to the Court had sufficient evidentiary support and were not presented for an improper purpose, such as to harass Plaintiffs. To the contrary, the record in this case is full of examples of harassment flowing in the opposite direction. *See, e.g.,* Dkt. #24 at 5 n.2. Defendant's representations do not constitute "lies" based on Plaintiffs alleged evidence, or otherwise rise to the level of conduct that is sanctionable under Rule 11. Plaintiffs' requested relief, that Defendant retract arguments and statements, convinces the Court that Plaintiff's Motion is really being brought to

relitigate the case. This case is closed—the Court will not order Defendant to "retract" arguments or statements, nor is it clear that Rule 11 is an appropriate basis for such relief.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Rule 11 Sanctions (Dkt. #27) is DENIED.

DATED this 9 day of May, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE