UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER KING, J.D., et al.,

Plaintiffs,

v.

HON. STANLEY J. RUMBAUGH,

Defendant.

Case No. C17-00031-RSM

ORDER DENYING PLAINTIFFS' RULE 59 MOTION AND RULE 60 MOTION

This matter comes before the Court on Plaintiffs Christopher King, J.D., Wally Brown, and Chris Nubbe's Motion for Rule 59(a)(1)(b) or (e) Relief from Judgment, Dkt. #26, and Plaintiffs' separately filed Motion for Rule 60(b)(3) and (6) Relief from Judgment, Dkt. #32.[1] Because Plaintiff's Rule 59 Motion exceeds the required page limits, this Court has previously ruled it "will not consider Plaintiffs' briefing after page twelve and Defendant need not respond to any argument made after page twelve." Dkt. #30 at 2. The Court incorporates by reference the background facts contained in the Court's prior Order, Dkt. #24.

A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law."

---

[1] The Court has compared Plaintiffs' two Motions and notes that the Rule 60 Motion is comprised almost entirely of copied portions of the Rule 59 Motion. *See* Dkts. #26 and #32. Plaintiffs Rule 60 Motion lacks citation to the Rule 60 standard and lacks a conclusion. *See* Dkt. #32. Accordingly, the Court will consider both Motions, but cite to facts and arguments in Plaintiffs' first Motion only.

ORDER DENYING PLAINTIFFS' RULE 59 MOTION AND RULE 60 MOTION - 1

*In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). Plaintiffs in this matter do not allege newly discovered evidence or an intervening change in the controlling law.

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs clearly seeks relief under subsections 3 and 6 only. *See* Dkt. #32 at 1. Under Rule 60(b)(3), the movant must "(1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct; and (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting its case or defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878-79 (9th Cir. 1990). Rule 60(b)(3) "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260 (brackets and ellipsis in original). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987). Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used

ORDER DENYING PLAINTIFFS' RULE 59 MOTION AND RULE 60 MOTION - 2

sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id*. (internal quotation marks omitted).

Plaintiffs argue the Court's April 6, 2017, Order dismissing this case was "based on three or more essential fallacies," that the Court "at no time engaged in ANY analysis of Administrative vs. Judicial capacities," and that Plaintiffs "are NOT potential litigants and thuse [sic] their conduct is not of a Judicial nature…. [t]hey are more akin to law clerks or court employees seeking administrative relief." Dkt. #26 at 1. Plaintiffs repeat prior arguments and citations to the record and argue that "the Court is NOT reading the facts in the light most favorable to Plaintiff…" *Id*. at 2. Plaintiffs assert that "[i]t simply does not pass the Giggle Test to say that Defendant was not on Actual Notice of News Coverage and First Amendment sorts of Constitutional claims." *Id*. at 6. Plaintiffs continue to assert that Defendant "willfully misrepresented the fact that Plaintiff King had indeed issued a Notice of Media Coverage in the Duzan case that was prospective in nature, as per his norm." *Id*. at 8. Plaintiffs argue that this case should have been remanded, again citing *King v. Wright Finlay & Zak*, 2016 U.S. Dist. LEXIS 53130 (W.D. Wash. Apr. 20, 2016) and arguing that the Court should have reached the same outcome as that case. *Id*. at 9. Plaintiffs spend many pages arguing that Defendant's actions were administrative and not judicial in nature.

In Response to the Rule 59 Motion, Defendant argues that Plaintiffs "do not identify any newly discovered evidence or cite any intervening change in controlling law, and thus presumably instead argue the order at issue contained 'a clear error or the initial decision was

ORDER DENYING PLAINTIFFS' RULE 59 MOTION AND RULE 60 MOTION - 3

manifestly unjust ….'" Dkt. #33 at 2. Defendant argues that Plaintiffs "never previously alleged or argued Judge Rumbaugh's ruling was 'administrative,'" and "neither cite the applicable test for analyzing that issue nor point to precedent holding that barring recording of a hearing is an 'administrative act' unprotected by judicial immunity." *Id*. at 3-4 (citing Dkt. #25 at 1, 10-12). Defendant argues the Court must examine "whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id*. (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (Superior Court judge absolutely immune because "exercising control over the court-room while court is in session" is a "normal judicial function"). Defendant walks through the elements of *Ashelman* and argues how the denial of Plaintiffs request to record in the courtroom was a normal judicial function, made in open court, centered around a pending case before Judge Rumbaugh, and arising directly and immediately out of a confrontation with Judge Rumbaugh in his official capacity. *Id.* at 4-5. Defendant also argues that Plaintiffs fail to show that GR 16 creates a private action or was indeed even violated. *Id*. at 5-7. Defendant argues that the Court properly denied Plaintiffs leave to amend given the above immunity from suit. With regard to Plaintiffs' arguments that the Court should have remanded this case as it did in *King v. Wright Finlay & Zak*, Defendant argues:

> Of course, the Court in fact extensively considered *King* in its analysis and found it *supported* the existence and retention of supplemental jurisdiction here. *See* Dkt. 24 at 8-11. In asking this Court now to find its conclusion from that analysis was error, plaintiffs: 1) ignore the analysis of this Court; 2) offer no analysis of their own; and 3) rely exclusively on the bold, conclusory, unexplained, and unjustified assertion that "there is simply no

ORDER DENYING PLAINTIFFS' RULE 59 MOTION AND RULE 60 MOTION - 4

> material difference between these two cases regardless of whatever sophistry the Defendant or Court wish to engage in ...." *See* Dkt. 26 at 10. Plaintiffs come nowhere near meeting their burden of showing "clear error or the initial decision was manifestly unjust…"

Dkt. #33 at 8 (emphasis in original).

In Response to Plaintiffs' Rule 60 Motion, Defendant argues that Rule 60(b)(3) requires proof of fraud that harms "the integrity of the judicial process" involving "'far more than an injury to a single litigant,'" and that "[m]ere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not normally fraud on the court.'" Dkt. #34 at 3 (citing *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011). Defendant points out that, "as a factual matter, plaintiff's allegations of untruthfulness have already been found by this court to be baseless." *Id.* Defendant argues that Plaintiffs make no attempt to walk through the Rule 60(b)(6) standard or otherwise establish that "extraordinary circumstances" prevented Plaintiffs from "prosecuting their argument during the initial motions at issue." *Id.* at 5.

Plaintiffs fail to file briefs in reply to support either of their Motions.

The Court has thoroughly reviewed Plaintiffs' Motions and the remainder of the record and fails to find any basis to conclude that the Court's prior Order was in error or manifestly unjust. Despite Plaintiffs' lengthy arguments to the contrary, the Court continues to find that Defendant's actions were of a judicial nature and that he is immune from suit. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mireles v. WACO*, 502 U.S. 9, 10 (1991); *Ashelman*, *supra*; *Duvall*, *supra*. Plaintiffs were not Judge Rumbaugh's law clerks or court employees. Rather, Plaintiffs were, from the information available to Judge Rumbaugh, initially hired by Brenda Duzan to record video in the courtroom. *See* Dkt. #1-2 at 20-21; Dkt. #24 at 14. Although Plaintiffs allege that Defendant has lied to the Court, the Court has already concluded that

ORDER DENYING PLAINTIFFS' RULE 59 MOTION AND RULE 60 MOTION - 5

"Defendant's representations do not constitute 'lies' based on Plaintiffs alleged evidence, or otherwise rise to the level of conduct that is sanctionable under Rule 11." Dkt. #31 at 2. The Court further notes that it based its Order not on questions of fact but on Plaintiffs' Complaint and attached documents. Plaintiffs have had several opportunities to respond to Defendant's legal analysis on judicial immunity and cited case law but have stubbornly refused to do so. Given all of this, the Court has no reason to deviate from its prior conclusion granting Defendant's Motion to Dismiss. Because of the certainty of Defendant's immunity from suit, leave to amend was also properly denied. Denial of remand was also proper given the particular fact pattern of this case as compared to that in *King v. Wright Finlay & Zak. See* Dkt. #24 at 8-11.

Plaintiffs fail to set forth any new analysis under Rule 60 or reply to Defendant's reasoned analysis, set forth above. The Court finds that Plaintiffs fails to demonstrate a basis to amend or alter the judgment in this matter under Rule 60(b) (3) or (6).

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Rule 59(a)(1)(b) or (e) Relief from Judgment (Dkt. #26) and Motion for Rule 60(b)(3) and (6) Relief from Judgment (Dkt. #32) are DENIED.

DATED this 6 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFFS' RULE 59 MOTION AND RULE 60 MOTION - 6